**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
Adam P. Wofse, Esq.
Rachel P. Stoian, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                    Chapter 11
                                                                               Case No. 14-70203-REG
DOLLAR STORAGE LLC, d/b/a 2 K&H              (Joint Administration)
LLC, *et al*.,

                              Debtors.
-------------------------------------------------------X

## MOTION FOR AUTHORITY TO EMPLOY GA KEEN REALTY ADVISORS AS REAL ESTATE AND BUSINESS BROKER TO THE DEBTORS

**TO:     THE HONORABLE ROBERT E. GROSSMAN
            UNITED STATES BANKRUPTCY JUDGE**

Dollar Storage LLC, d/b/a 2 K&H LLC ("Dollar Storage") and Jul-Bet Enterprises LLC ("Jul-Bet LLC"), each a debtor and debtor in possession (each a "Debtor", and collectively, the "Debtors"), by their counsel, LaMonica Herbst & Maniscalco, LLP, hereby submit this motion (the "Motion") seeking entry of an Order authorizing the employment of GA Keen Realty Advisors LLC ("Keen"), pursuant to section 327 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as the real estate and business broker to the Debtors to sell the real property located at 2080 River Road, Calverton, New York 11933 (the "Real Property") and the self-storage business operated at the Real Property (the "Business"), and respectfully represent as follows:

**BACKGROUND**

1. On January 21, 2014 (the "Filing Date"), the Debtors each filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of New York (the "Court").

2. Each of the Debtors continues to operate and manage its properties and affairs as a debtor in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

3. By Order of the Court dated January 30, 2014, the Debtors' cases were procedurally consolidated and are being jointly administered.[1]

4. No trustee or examiner has been appointed and no committee of unsecured creditors has been formed.

5. Jul-Bet LLC owns the Real Property in fee simple. Dollar Storage operates and manages the Business, a self-storage facility, located at the Real Property, in which Dollar Storage rents out storage units to individuals and companies.

6. The Debtors seek, among other things, to market and possibly sell the Real Property and the Business in order to maximize the value of the Debtors' assets and recovery for the benefit of the Debtors' estates and their creditors.

7. The Debtors and their counsel have expended significant time and effort conferring, interviewing and investigating multiple real estate brokers to represent the Debtors with respect to the potential sale of the Real Property and the Business.

8. Based upon due diligence exercised by the Debtors, the Debtors have identified and selected Keen as the most qualified broker to represent the Debtors in this endeavor. Keen has extensive experience as a commercial real estate broker, advisor, and investment banker in

---

[1] Related debtor Jul-Bet Enterprises, Inc. is not a movant herein.

bankruptcy and workout situations. Specifically, Keen is well-qualified to serve as real estate broker to the Debtors in this case because Keen, a division of Great American Group, and its predecessor firm, Keen Consultants, have been a leading real estate advisory and brokerage firm in bankruptcies and restructurings across the county. Keen's current and past clients include: Family Gold Centers DIP, Service Merchandise Company DIP, Fleming DIP, Third Toro (H&H Bagels) DIP, Fruit of the Loom Liquidating Trust, Caruso Homes DIP, Elliott Building DIP, and Parmalat DIP, to name a few. Additionally, the principals of Keen are frequent speakers on industry topics, have been featured in recognized national publications, and have been quoted numerous times as experts in the real estate industry.

9.  The Debtors selected Keen as a broker after negotiating a retention agreement (the "Retention Agreement"), a copy of which is annexed hereto as Exhibit "A". The Retention Agreement is subject to Court approval. The Court and all interested parties are respectfully referred to the Retention Agreement for its precise terms.

10. The Debtors submit that a sale of substantially all of the assets of the Debtors, including the Real Property and the Business, would generate substantial net proceeds for the benefit of the estates and their respective creditors.[2]

11. To the best of the Debtors' knowledge, information, and belief, Keen has no connection with the Debtors' creditors or with any other party in interest herein, their attorneys, or accountants. Upon the affirmation of Matthew Bordwin, Co-President of Keen and a Managing Director of Great American Group, LLC its Managing Member, which is annexed hereto as Exhibit "B", Keen has no adverse interest to the Debtors' estates and will provide

---

[2] The Debtors reserve their rights to pursue an investor to provide the capital needed (or other restructuring) to satisfy their creditors.

valuable services to the Debtors in connection with the sale of substantially all of the Debtors' assets. The Debtors believe and represent that the retention of Keen should be approved by the Court.

12.     The Retention Agreement provides that Keen shall receive a base commission of four and one half percent (4.5%) based upon the total value of consideration paid to the Debtors for the contemplated sale.  However, as further set forth in the Retention Agreement, based upon the type of transaction entered, or if other rehabilitation of the Debtors occurs without a sale, certain discounted commissions would apply (a 33% reduction in commission) and/or certain minimum fees would be owed to Keen as further set forth below.

13.     Given the transactional nature of Keen's engagement, Keen will not be billing the Debtors by the hour and will not be keeping time records of time spent for professional services in these Chapter 11 cases, unless Keen is providing hourly services as specified in the Retention Agreement. Keen will keep reasonably detailed descriptions of the services that were rendered to its engagement.

14.     Based upon certain occurrences which might occur in the case in terms of a workout or restructuring of the Debtors' obligations not involving a sale, the Retention Agreement further provides for certain minimum fees to be paid to Keen.  Specifically, Keen shall receive a minimum fee of $60,000.00 if the Retention Agreement is terminated within 45 days of its execution. Further, if the Retention Agreement is terminated after the 45th day of its execution, Keen shall receive a minimum fee of $90,000.00.  As more fully set forth in the Retention Agreement, in the event that no transaction of any kind occurs (including, for example, the lack of an investor, or no reorganization results whatsoever) Keen shall be entitled to reimbursement of its out of pocket marketing expenditures, subject to Court approval.

15. Given the transactional nature of Keen's services and fee structure, Keen seeks relief from complying with fee application requirements and shall be compensated in accordance with the procedures set forth in the Motion and Retention Agreement, and such procedures as may be fixed by order of this Court.

16. Based upon the foregoing, the Debtors submit that the retention of Keen is in the best interests of the Debtors' estates and creditors, and seek Court approval to enter into the Retention Agreement substantially in the form annexed to the Motion.

17. No prior request for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** the Debtors respectfully request that this Court enter an Order authorizing the Debtors to (a) retain Keen as broker for the Debtors, pursuant to the terms and conditions set forth in the Retention Agreement and as stated herein, (b) enter the Retention Agreement substantially in the form annexed to the Motion, and granting such other, further, and different relief as this Court deems just and proper.

Dated: February 20, 2014
      Wantagh, New York      **LaMonica Herbst & Maniscalco, LLP**
                                        Attorneys for the Debtors

                                    By:    *s/Adam P. Wofse*
                                                Adam P. Wofse, Esq.
                                                A Partner of the Firm
                                                3305 Jerusalem Avenue, Suite 201
                                                Wantagh, New York 11793
                                                (516) 826-6500