UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                      Chapter 11
                                                                                  Case No. 14-70203-REG
DOLLAR STORAGE LLC, d/b/a 2 K&H                          (Joint Administration)
LLC, *et al*.,

                       Debtors.
-------------------------------------------------------X

**ORDER AUTHORIZING THE EMPLOYMENT OF GA KEEN REALTY ADVISORS
AS REAL ESTATE AND BUSINESS BROKER TO THE DEBTORS**

        Upon the motion (the "Motion") of Dollar Storage LLC, d/b/a 2 K&H LLC and Jul-Bet Enterprises LLC, each a debtor and debtor in possession (each a "Debtor", and collectively, the "Debtors"), by their attorneys, LaMonica Herbst & Maniscalco, LLP, seeking the entry of an Order pursuant to Section 327 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor to employ GA Keen Realty Advisors ("Keen") as a real estate and business broker for the Debtors to market and sell the Debtors' real property (the "Real Property") and business (the "Business") located at 2080 River Road, Calverton, New York 11933; and upon the hearing held before the Court on February ___, 2014 (the "Hearing"), and the record made at the Hearing; and cause existing for the relief requested; and it being in the best interests of the Debtors' estates and creditors, it is hereby

        **ORDERED**, that the Motion is granted; and it is further

        **ORDERED**, that the Debtors are authorized to employ Keen as the Debtors' real estate and business broker to market and sell the Real Property and Business, respectively; and it is further

**ORDERED**, that the Retention Agreement, as defined by and annexed to the Motion, is hereby approved, and the Debtors are authorized to enter such agreement; and it is further

**ORDERED,** that, upon closing or other consummation of a transaction as contemplated by the Retention Agreement, compensation or reimbursement of expenses shall be paid to Keen in accordance with the Retention Agreement, without further Order from this Court, consistent with Section 328(a) of the Bankruptcy Code; and it is further

**ORDERED,** that any requirement that Keen maintain timekeeping records or file a fee application is waived, except with respect to the hourly services referenced in Section III of the Retention Agreement; and it is further

**ORDERED,** that all request of Keen for payment of indemnity pursuant to the Retention Agreement shall be made by means of an application (interim or final, as applicable) and shall be subject to review by the Court to ensure that payment of such indemnity confirms to the terms of the Retention Agreement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall Keen be indemnified in the case of its own bad faith, self-dealing, breach of fiduciary duty (if any), negligence, gross negligence, willful misconduct or intentional tort; and it is further

**ORDERED,** during the pendency of this case, this Court shall retain exclusive jurisdiction to hear and determine all matters arising from this Order and/or related or pertaining to the Retention Agreement and/or Keen's services thereunder, and neither the Debtors nor Keen shall be required to seek authorization from any other Court with respect to the relief granted herein.