UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                    Chapter 11
                                                                              Case No. 14-70203-REG
DOLLAR STORAGE LLC, d/b/a 2 K&H                       (Joint Administration)
LLC, *et al*.,

                        Debtors.
-------------------------------------------------------X

## ORDER AUTHORIZING THE EMPLOYMENT OF GA KEEN REALTY ADVISORS AS REAL ESTATE AND BUSINESS BROKER TO THE DEBTORS

Upon the motion (the "Motion") of Dollar Storage LLC, d/b/a 2 K&H LLC and Jul-Bet Enterprises LLC, each a debtor and debtor in possession (each a "Debtor", and collectively, the "Debtors"), by their attorneys, LaMonica Herbst & Maniscalco, LLP, seeking the entry of an Order pursuant to Section 327 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor to employ GA Keen Realty Advisors ("Keen") as a real estate and business broker for the Debtors to market and sell the Debtors' real property (the "Real Property") and business (the "Business") located at 2080 River Road, Calverton, New York 11933; and upon the hearing held before the Court on March 5th, 2014 (the "Hearing"), and the record made at the Hearing; and cause existing for the relief requested; and it being in the best interests of the Debtors' estates and creditors, it is hereby

**ORDERED**, that the Motion is granted on and subject to the terms and conditions set forth herein; and it is further

**ORDERED**, that the Debtors are authorized to employ Keen as the Debtors' real estate and business broker to market and sell the Real Property and Business, respectively, in order to obtain a bid that will allow a Bankruptcy Code § 363 sale; and it is further

**ORDERED**, that the Retention Agreement[1], as defined by and annexed to the Motion, and the terms and compensation provided for thereunder are hereby approved and limited by the terms of this Order, and the Debtors are authorized to enter such agreement; and it is further

**ORDERED** that notwithstanding anything to the contrary in the Retention Agreement:

1. Keen shall have no recourse against secured creditor APC River Partners, LLC ("APC) or any of its assignees with respect to compensation or reimbursement of expenses or any other amounts due as set forth in the Agreement.

2. The only Bankruptcy Code § 506 (c) carve-out Keen shall be allowed with respect to proceeds of sale of the Real Property and Business is one of the following, as limited by the survival provisions of § "IV" of the Agreement:

    a. A Transaction Fee;

    b. A Reduced Transaction Fee;

    c. A Non-Transaction Fee; or

    d. A Credit Bid Fee.

3. There shall be no other carve-outs for Keen from the Property or the proceeds of the Property. As set forth in the Retention Agreement, Keen shall advance marketing fees and costs up to a cap of $20,000.00 and reimbursement shall be made directly by Dollar Storage LLC without the need for further Order of the Court;

4. In no event shall Keen file any liens against the Property or Business or proceeds thereof;

5. In the event of any conflict between the Retention Agreement and this Order, the terms of this Order shall govern;

---

[1] Capitalized terms herein shall have the meaning ascribed to them set forth in the Retention Agreement.

6. Debtors shall not object to a credit bid by APC at any Bankruptcy Code § 363 sale; and it is further

**ORDERED,** during the pendency of this case, this Court shall retain exclusive jurisdiction to hear and determine all matters arising from this Order and/or related or pertaining to the Retention Agreement and/or Keen's services thereunder, and neither the Debtors nor Keen shall be required to seek authorization from any other Court with respect to the relief granted herein.

No Objection:

/s/ Alfred M. Dimino
Alfred M. Dimino, Esq.

Dated: Central Islip, New York
April 28, 2014

Robert E. Grossman
United States Bankruptcy Judge